Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICHARD REESE,                           )
                                         )
    Appellant-Defendant,             )
                                         )
        vs.              )     No. 49A02-1303-CR-215
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton A. Graham, Judge
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G17-1210-CM-72351

**September 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Richard Reese appeals his conviction for Class A misdemeanor domestic battery. He contends that the evidence is insufficient to support his conviction and that the State failed to rebut his claim of self-defense. Finding that the evidence is sufficient to support his conviction and that the State rebutted his claim of self-defense, we affirm Reese's conviction for domestic battery.

**Facts and Procedural History**

The facts most favorable to the judgment follow. On October 18, 2012, Reese and Martha Nunez were engaged and lived together in an Indianapolis apartment, sharing a bedroom, finances, and household chores. Early that day, Reese and Martha argued. After Martha left, Reese sent her a threatening text message saying that he was more resourceful than she was and she had more to lose. Because Martha was afraid that Reese would hurt her and her two teenage children, she decided to move out of the apartment and stay with either her ex-husband or a co-worker.

Later that day, Martha returned to the apartment to retrieve some of her belongings. Reese told Martha that they needed to talk and asked her to sit down. Martha said "I'll talk but I'm not sitting." Tr. p 18. The six-foot, 195-pound Reese then put his hand in the five-foot, two-inch, 130-pound Martha's face "to intimidate [her]." *Id.* Martha asked him to remove his hand several times, but he refused. When Martha reached up to move Reese's hand away from her face, Reese grabbed her left wrist and twisted it, causing her pain. *Id.* at 18, 21, 22. Martha moved her body in the direction of

the twist "[t]o prevent from being hurt and having him break [her wrist]." *Id.* at 21. Martha broke free of Reese's hold, left the apartment, and called 911.

Martha met police at a nearby McDonald's. Indianapolis Metropolitan Police Department Officer Brian Silcox responded. He observed that Martha was "scared, nervous, [and] shaky" and that there was "some redness" on her wrist. *Id.* at 31. The entire time Officer Silcox spoke with Martha, "she kept rubbing her wrist and arm as if it was in pain." *Id.* Also, Martha was crying and had to take a break at one point during the interview. *Id.* Officer Silcox called for an evidence technician to take photos and then went to the apartment to speak with Reese.

When Officer Silcox arrived at the apartment, Reese was "calm," "relaxed," and "nonchalant." *Id.* at 32, 34. When Officer Silcox asked Reese about Martha's allegations, Reese responded that nothing had happened and that Martha was the "scary" one. *Id.* at 32. Officer Silcox asked Reese for his side of the story, but Reese did not give him an explanation. *Id.* at 33. Officer Silcox arrested Reese.

The State charged Reese with Class A misdemeanor domestic battery and Class A misdemeanor battery. A bench trial was held. Reese testified in his own defense and claimed that he acted in self-defense. But contrary to his earlier claim that nothing had happened, Reese testified that Martha had charged at him, bounced off the wall, and then attacked him with her hands open, at which point he blocked her to avoid getting hit. Then, according to Reese, Martha began using her fists and kicking him, at which point he grabbed her wrists until she calmed down. The trial court found Reese guilty as charged and merged the battery conviction into the domestic-battery conviction. The

3

court sentenced Reese to 365 days for Class A misdemeanor domestic battery, all suspended. The court placed Reese on probation for 180 days and ordered him to complete anger-management counseling.

Reese now appeals.

**Discussion and Decision**

Reese contends that the evidence is insufficient to support his conviction for Class A misdemeanor domestic battery and that State failed to rebut his claim of self-defense. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency-of-the-evidence claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the judgment will not be disturbed. *Id.* A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

In order to convict Reese of Class A misdemeanor domestic battery as charged in this case, the State had to prove that he knowingly touched Martha, who was living as if a spouse of Reese, in a rude, insolent, or angry manner, and the touching resulted in bodily injury to her. Appellant's App. p. 16; *see also* Ind. Code § 35-42-2-1.3(a)(2). Any degree of physical pain may constitute bodily injury. *Bailey*, 979 N.E.2d at 142.

A valid claim of self-defense is legal justification for an otherwise criminal act. *Coleman v. State*, 946 N.E.2d 1160, 1165 (Ind. 2011).

4

> A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. However, a person:
>
> > (1) is justified in using deadly force; and
> >
> > (2) does not have a duty to retreat;
>
> if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

Ind. Code § 35-41-3-2(c). In order to prevail on a claim of self-defense, a defendant must show: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or great bodily harm. *Coleman*, 946 N.E.2d at 1165. Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt for the defendant's claim to fail. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence-in-chief. *Id.* Whether the State has met its burden is a question of fact for the fact-finder. *Id.*

Reese first challenges the sufficiency of the evidence to support his conviction for domestic battery. The evidence shows that Reese and Martha lived as if they were spouses. They were engaged and lived together, sharing a bedroom, finances, and household chores. Martha testified that when she would not sit down with Reese to discuss their crumbling relationship, Reese put his hand in her face. Martha asked Reese to move his hand away from her face several times, but he refused. When Martha

reached up to move Reese's hand away from her face, Reese grabbed her left wrist and twisted it, causing her pain. Tr. p. 18, 21, 22. Fearing that Reese was going to break her wrist, Martha moved her body in the direction of the twist. Officer Silcox observed redness to Martha's wrist. This evidence is sufficient to support Reese's conviction for Class A misdemeanor domestic battery.

Reese next argues that the State failed to rebut his claim of self-defense. The State is required to rebut only a single element of a defendant's self-defense claim. We find that the State has proved that Reese did not have a reasonable fear of death or great bodily harm when Martha attempted to move Reese's hand away from her face. Martha testified that when she reached up to move Reese's hand away from her face, Reese quickly grabbed her left wrist and began to twist it. Martha further testified that she did not know whether she made contact with Reese's hand. *Id.* at 26. Officer Silcox observed redness to Martha's wrist and noted that she "kept rubbing her wrist and arm as if it was in pain." *Id.* at 32. Officer Silcox also observed that Martha was scared, nervous, shaky, and crying. In contrast, Reese was calm, relaxed, and nonchalant and told Officer Silcox that nothing had happened. When asked to relate his side of the story, Reese did not do so. But at trial, Reese testified to a different version of events. Based on this evidence, the trial court reasonably concluded that Reese was not in reasonable fear of death or great bodily harm when Martha attempted to move his hand away from her face.

Nevertheless, Reese asks us to reweigh the evidence and judge the credibility of the witnesses and consider Martha as the initial aggressor. That is, Reese testified at trial

that it was Martha who attacked him, and he reasonably responded by holding her wrists for a short period of time in order to calm her down. However, it is for the trier of fact to decide which witnesses to believe, and here the trier of fact believed Martha. We therefore affirm Reese's conviction for Class A misdemeanor domestic battery.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.